THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00197-FL-1
No. 5:15-CV-00343-FL

| | |
|---|---|
| AKEEM NETRON HOLDER, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the motion of Akeem Netron Holder ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence and for evidentiary hearing [DE-47] and the government's motion to dismiss [DE-54], to which Petitioner filed a response [DE-62]. The time for responding to the pending motions has expired, and the motions are ripe for review. These motions were referred to the undersigned and are considered here for recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that Petitioner's motion be denied, the government's motion be allowed, and Petitioner's claims be dismissed.

## I. BACKGROUND

On July 9, 2013, Petitioner was charged in a one-count indictment with possession with the intent to distribute 28 grams or more of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). On March 11, 2014, Petitioner pleaded guilty to the indictment pursuant to a written plea agreement. [DE-29, -31]. On July 9, 2014, Petitioner was sentenced to 100 months' imprisonment and four years of supervised release, and judgment was entered. [DE-36,

-38]. Petitioner did not appeal his conviction or sentence. On July 20, 2015, Petitioner, proceeding *pro se*, timely filed the instant § 2255 motion. [DE-47]. On August 31, 2015, the government filed a motion to dismiss [DE-52], to which Petitioner responded in opposition [DE-62]. On November 17, 2015, Petitioner's sentence was reduced to 83 months' imprisonment pursuant to the Drug Quantity Table amendment, 18 U.S.C. § 3582(c)(2). [DE-60]. Then on November 22, 2016, the court directed the government to expand the record pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings by submitting an affidavit from Petitioner's trial counsel, Richard L. Cannon, III ("Cannon" or "trial counsel"), addressing Petitioner's claims. [DE-63]. The government responded to the court's order by filing Cannon's affidavit on January 12, 2017 [DE-66], and Petitioner responded in opposition [DE-69]. Having directed the parties to expand the record, the court will construe the government's motion to dismiss pursuant to Rule 12(b)(6) as a motion for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

## II. STANDARD OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was

2

without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (citations omitted). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure[.]" *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-00097-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

**B.    Rule 12(b)(6)**

The court may consider a motion to dismiss challenging the legal sufficiency of a § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) (unpublished); Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above

3

the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

## C. Rule 56

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the nonmoving party then must affirmatively demonstrate, with specific evidence, that there exists a genuine issue of material fact requiring trial. *Matsushita Elec. Indus.*

4

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255 (citation omitted); *see also United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion."). Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005) (citation omitted). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. *Id.* at 489-90 (citation omitted). Furthermore, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

5

28 U.S.C. § 2255(b).

## III. DISCUSSION

Petitioner was arrested following a traffic stop on February 4, 2013 in Raleigh, North Carolina. While conducting surveillance of a home suspected of involvement in drug trafficking, officers observed a vehicle driven by Petitioner and occupied by Anthony Walton ("Walton") leaving the residence, began following the vehicle, and initiated a traffic stop after observing Petitioner throw a plastic bag out of the vehicle. Following the stop, officers recovered cocaine base and other items, leading to the drug possession charge to which Petitioner pleaded guilty.

Petitioner argues that his trial counsel provided ineffective assistance by failing to prepare for trial and pressuring him into accepting a plea agreement, and based on this ineffective assistance, Petitioner's guilty plea was not knowing and voluntary. Pet'r's Mem. [DE-47-1] at 4-9. Specifically, Petitioner asserts that his trial counsel provided ineffective assistance by (1) failing to interview Walton and submit his affidavit to the court; (2) failing to file a motion to suppress; and (3) failing to object to the addition of a managerial role adjustment under U.S.S.G. § 3B1.1(c) at sentencing. *Id.* at 9-15. The issues raised by Petitioner do not require further development of the record and accordingly, a hearing would not aid the court in resolving the pending motions.

### A. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

*Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *See id.*, 466 U.S. at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one").

A showing of deficient performance in the plea-bargaining context, as with other types of ineffective assistance claims, requires a petitioner "show that counsel's representation fell below an objective standard of reasonableness." *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 688). "Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight." *Id.* (internal quotation marks and citations omitted). "To establish such a claim with respect to a guilty plea, a person must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lewis v. United States*, No. 4:12-CR-00068-FL-2, 2015 WL 2401514, at *6 (E.D.N.C. May 20, 2015) (unpublished) (internal quotation marks omitted) (quoting *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985))). "Surmounting *Strickland's* high bar is never an easy task in the guilty-plea setting." *Id.* (internal quotation marks omitted) (quoting *United States v. Dyess*, 730 F.3d 354, 361 (4th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010))). "Thus, [petitioner] must convince [the court] that the decision to go to trial would

7

have been rational under the circumstances." *Id.* (internal quotation marks and citations omitted). "In this respect, petitioner's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." *Id.* (internal quotation marks and citations omitted).

### 1. Failure to Interview Walton and Submit Walton's Affidavit (Ground One)

Petitioner asserts that trial counsel provided ineffective assistance by failing to interview Walton, Petitioner's passenger on the night Petitioner was stopped and arrested, and failing to provide an affidavit authored by Walton (the "Walton affidavit") to the court prior to sentencing. Pet'r's Mem. [DE-47-1] at 9-11. Petitioner contends that his father received the Walton affidavit, which states that Petitioner did not possess any cocaine on the date of his arrest, on December 13, 2013 and provided copies to Petitioner and trial counsel. *Id.* Despite Petitioner's requests, trial counsel did not provide the Walton affidavit to the court. *Id.* In response, the government argues that Petitioner's claim should be dismissed because he failed to allege the required prejudice, namely that he would have pleaded not guilty and gone to trial had trial counsel submitted the Walton affidavit to the court. Gov't's Mem. [DE-55] at 4-5. Additionally, the Government notes that Petitioner acknowledged that he received the Walton affidavit in December of 2013, and possessing that information, agreed to plead guilty on March 11, 2014. *Id.* Responding to the government's motion to dismiss, Petitioner argues that had trial counsel appropriately investigated the Walton affidavit[1] and discussed these matters with Petitioner, "there is a very distinct possibility Petitioner Holder would have rejected the plea offer and proceeded to trial." Pet'r's Resp. [DE-62] at 7-8.

---

[1] Petitioner's Response refers to Anthony Watson, *see* Pet'r's Resp. [DE-62] at 7, but the undersigned assumes that this is an inadvertent misspelling given that all other filings refer to Anthony Walton.

8

Petitioner attached the Walton affidavit (which does not bear a notary's stamp but contains a signature purporting to be from a notary) to his motion, and it is dated December 17, 2013 and states as follows:

> To whom this may concern,
>
> On the night of 02/04/2013 [Petitioner] and I, Anthony Walton were driving a Black Nissan Altima and were pulled over by the Raleigh Police Department. The arresting officer stated that they seen Akeem Holder throw a substance out of the passenger side window. The substance was said to be 56 grams of cocaine. I Anthony Walton was the passenger of that car and know that he could not have thrown the objects out of the window.

Walton Aff. [DE-47-2] at 2.

As to this claim, Petitioner's trial counsel stated as follows: he entered a notice of appearance in Petitioner's case on or about December 19, 2013, replacing another attorney who had represented Petitioner since July of that year. Cannon Aff. [DE-66-1] at 1 ¶¶ 2-3. Petitioner had previously signed a plea agreement on December 3, 2013, but changed his mind about the plea and requested discovery. *Id.* at 1 ¶ 4. As to the Walton affidavit, trial counsel stated that

> Mr. Walton had apparently been the other person in the car with [Petitioner] when it was stopped. I discussed this matter with [Petitioner's] previous counsel and learned that the Federal Public Defender had attempted to contact Mr. Walton, but he refused to talk with them. I was unable to locate Mr. Walton or his attorney to verify the affidavit. In light of [Petitioner's] recorded statements from jail that confirmed [Petitioner's] possession of cocaine in the car, the "sworn affidavit" appeared to me to be questionable.

*Id.* at 4 ¶ 13.

Here, Petitioner argues that trial counsel provided ineffective assistance by failing to interview Walton. This argument is without merit, however, where trial counsel attempted to contact Walton but ultimately was unsuccessful in reaching him. *See Davis v. United States*, No. 4:12-CR-

9

00267-RBH, 2016 WL 1557678, at *3-5 (D.S.C. Apr. 18, 2016) (unpublished) (holding that petitioner's allegation of ineffective assistance for failure to investigate was without merit where petitioner's trial counsel attempted to contact the requested witnesses but was unsuccessful). Additionally, Petitioner argues that trial counsel was ineffective for failing to present the Walton affidavit to the district court during sentencing. Trial counsel, however, stated that he believed the Walton affidavit to be questionable and did not present it to the court because he was unable to reach Walton to verify the affidavit's contents, and because of Petitioner's recorded statements from jail confirming his cocaine possession on the day in question. Cannon Aff. [DE-66-1] at 4 ¶ 13. Whether to present evidence is a strategic decision, and accordingly, is entitled to great deference by a reviewing court. *See Powell v. Kelly*, 562 F.3d 656, 670 (4th Cir. 2009) ("Once counsel conducts a reasonable investigation of law and facts in a particular case, his strategic decisions are 'virtually unchallengeable.'" (quoting *Strickland*, 466 U.S. at 690)); *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) ("Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.") (internal quotation marks and citation omitted). Here, the record before the court demonstrates that trial counsel made a reasonable decision, in light of the law and facts of the case, not to present the Walton affidavit to the sentencing court, and this strategic decision is entitled to deference.

Moreover, Petitioner has also failed to allege the requisite prejudice, namely that he would have pleaded not guilty and proceeded to trial had trial counsel fully investigated the Walton affidavit and presented it to the sentencing court. Here, Petitioner argues that if there had been a full and appropriate investigation of the Walton affidavit, "there is a very distinct possibility Petitioner

Holder would have rejected the plea offer and proceeded to trial." Pet'r's Resp. [DE-62] at 7-8. This speculative statement falls far short of the required standard. *See Fugit*, 703 F.3d at 260 (holding petitioner failed to allege sufficient prejudice in an ineffective assistance of counsel claim where petitioner "insisted that 'the record is . . . clear' that he 'would not have pleaded guilty to Count Two but for trial counsel's erroneous advice'" and the decision to go to trial would not have been an objectively reasonable one because the evidence supporting that charge was overwhelming). Here, Petitioner cannot show that proceeding to trial would have been an objectively reasonable decision in light of the recorded telephone calls from jail where Petitioner confirmed possessing cocaine base at the time of his arrest. *See* Presentence Investigation Report ("PSR") [DE-33] at 4-5 ¶¶ 4-5. Accordingly, Petitioner's claim that his trial counsel was ineffective for failing to interview Walton and submit the Walton affidavit to the court fails under both components of *Strickland*.

### 2. Failure to File a Motion to Suppress (Ground Two)

Petitioner also argues that trial counsel provided ineffective assistance by failing to file a motion to suppress evidence recovered as a result of the traffic stop on February 4, 2013. Pet'r's Mem. [DE-47-1] at 11-14. Petitioner contends that instead of filing the motion to suppress as requested by Petitioner, trial counsel threatened him that "the Government would withdraw the plea agreement presently on the table, as well as file and/or impose a number of enhancements, e.g. aggravated role, obstruction of justice, manufacturing, managerial role, etc." *Id.* at 11. In response, the government asserts that Petitioner's claim fails under both components of *Strickland*. Gov't's Mem. [DE-55] at 5-6. In responding to the government's motion to dismiss, Petitioner reiterates his earlier arguments as to why trial counsel should have filed a motion to suppress and why the traffic stop was unjustified. Pet'r's Resp. [DE-62] at 8-11.

11

Trial counsel stated that he met with Petitioner, who explained his version of the facts of the case and requested that trial counsel file a motion to suppress. Cannon Aff. [DE-66-1] at 2 ¶ 7. Trial counsel then sought a continuance of the arraignment in order to review the discovery and research the applicable case law on motions to suppress. *Id.* at 2-3 ¶ 8. Specifically, trial counsel

> thoroughly reviewed the discovery including re-reading the officers' statements. I spoke with the Federal Public Defender's office regarding the motion to suppress and researched the law on search and seizure incident to arrest. I read the *Gant* case as it related to [Petitioner's] facts. I reviewed and revised estimate of guideline range. After much research and thought, I came to the conclusion that a motion to suppress would not be in [Petitioner's] best interests and would likely be considered frivolous. I was afraid that such a motion could actually work against him by causing the government to withdraw what I considered to be a very good plea agreement and possibly file additional charges.

*Id.* at 3 ¶ 10; *see also id.* at 4 ¶ 14 ("After extensive legal research, consultation with [Petitioner's] previous counsel and review of the evidence including recorded phone calls by [Petitioner] from jail, it was my professional opinion that a motion to suppress would have been frivolous and not in [Petitioner's] best interests."). Petitioner responded to trial counsel's affidavit, arguing that had trial counsel conducted his own investigation instead of relying on information from Petitioner's former counsel, trial counsel would have filed the motion to suppress; trial counsel should have complied with Petitioner's explicit request to file the motion to suppress; and disagreeing that filing the motion to suppress would have been frivolous. Pet'r's Resp. [DE-69] at 7-8, 10-11.

Whether to file a motion to suppress is a strategic decision subject to great deference by a reviewing court. *See Powell*, 562 F.3d at 670 ("Once counsel conducts a reasonable investigation of law and facts in a particular case, his strategic decisions are 'virtually unchallengeable.'" (quoting *Strickland*, 466 U.S. at 690)); *Sexton*, 163 F.3d at 885 ("Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be

12

introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.") (internal quotation marks and citation omitted). Here, the record before the court demonstrates that trial counsel made a reasonable decision, in light of the law and facts of the case, not to file a motion to suppress where he believed such a motion would be frivolous and may work against Petitioner, and this strategic decision is entitled to deference. *See Fields v. United States*, No. 5:08-CR-395-FL-1, 2013 WL 5707255, at *3 (E.D.N.C. Oct. 21, 2013) (unpublished) (holding that counsel's decision not to file a motion to suppress was strategic and accordingly was entitled to enormous deference and determining that counsel's performance was not deficient). Additionally, Petitioner has failed to demonstrate the required prejudice. As such, Petitioner's claim that trial counsel was ineffective for failing to file a motion to suppress fails under both components of *Strickland*.

### 3. The Managerial Role Adjustment Under U.S.S.G. § 3B1.1(c) (Ground Three)

Petitioner argues that the sentencing court erred when it applied a managerial adjustment pursuant to U.S.S.G. § 3B1.1(c) at sentencing, Pet'r's Mem. [DE-47-1] at 14-15, and additionally that trial counsel was ineffective for failing to object to the managerial role adjustment, Pet'r's Resp. [DE-62] at 11-12. The government responds that alleged errors in application of the sentencing guidelines are not cognizable on collateral review. Gov't's Resp. [DE-55] at 6-7. Petitioner responds that the facts at hand constitute extraordinary circumstances where Petitioner was falsely accused of contacting individuals from jail and directing them to sell drugs. Pet'r's Resp. [DE-62] at 11-12.

Generally, procedural default bars consideration of claims on collateral review that a petitioner could have but failed to raise on direct appeal. *United States v. Pettiford*, 612 F.3d 270,

13

280 (4th Cir.) (citations omitted). Indeed, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citations omitted). Therefore,

> [i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.

*Mikalajunas*, 186 F.3d at 92-93 (internal citations omitted). In order to demonstrate actual innocence, "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" because of his "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (internal quotation marks and citations omitted).

To the extent that Petitioner attempts to show cause for his failure to raise this issue on direct appeal by arguing that his trial counsel was ineffective for failing to challenge the enhancement, this argument is without merit where trial counsel did in fact object to the aggravated role enhancement pursuant to U.S.S.G. § 3B1.1(c). *See* PSR [DE-33] at 17 ¶ 3; Sentencing Mem. [DE-35] at 2-3. Aside from arguing that trial counsel was ineffective for filing to challenge the enhancement, Petitioner makes no further argument as to cause. Petitioner also argues that the facts of his case constitute extraordinary circumstances because he was falsely accused of contacting others while in jail and directing them to sell drugs. However, "in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, [Petitioner] must show actual innocence by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493 (citation

14

omitted). To the extent Petitioner attempts to invoke the actual innocence exception to excuse procedural default, where Petitioner argues that he was falsely accused of the conduct supporting the sentencing enhancement at issue, Petitioner's argument is misplaced. Instead, Petitioner must show that he is actually innocent of the underlying charge of conviction. *See id.* at 494-95 (rejecting petitioner's argument that "the actual innocence exception applies to excuse a procedural default whenever a movant is 'innocent' of any sentencing adjustment" and holding that "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision."). Accordingly, Petitioner has failed to demonstrate either cause or actual innocence and this claim is procedurally defaulted.

Alternatively, Petitioner's claim is not cognizable on collateral review where his sentence was not in excess of the statutory maximum. *See* 28 U.S.C. § 2255(a); *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding.... [W]hile § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.") (citations omitted); *see also Mikalajunas*, 186 F.3d 496 ("a misapplication of the guidelines typically does not constitute a miscarriage of justice."). Here, Petitioner's statutory maximum sentence was not more than 40 years (or 480 months) in custody. PSR [DE-33] at 14 ¶ 55 (citing 21 U.S.C. § 841(s)(1) & (b)(1)(B)). Petitioner was sentenced to 100 months' imprisonment [DE-38], which was later reduced to 83 months [DE-60], a sentence well below the statutory maximum. Thus, Petitioner cannot establish a miscarriage of justice to warrant relief on this claim.

## IV. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Petitioner's motion [DE-47] be denied, the government's motion [DE-54] be ALLOWED, and Petitioner's claims be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **May 11, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, this the 27 day of April 2017.

                                              Robert B. Jones, Jr.
                                              United States Magistrate Judge