IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-197-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AKEEM NETRON HOLDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion regarding good time credits (DE 115). The government did not respond to the motion.

On April 10, 2019, the court revoked defendant's supervised release and sentenced him to 12 months' imprisonment for using a controlled substance. Defendant's motion seeks a court order explaining how the Federal Bureau of Prisons ("BOP") will calculate his good time credits under the First Step Act of 2018.

The court has no authority to provide defendant legal advice concerning the BOP's calculation of good time credits under the First Step Act. To the extent defendant is seeking judicial review of the BOP's calculation of his good time credits, he must first exhaust his administrative remedies within the BOP and then, if dissatisfied with the BOP's final decision, file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (noting federal prisoner may challenge the BOP's execution of a sentence pursuant to § 2241); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (requiring exhaustion of alternative remedies before filing § 2241 petition); McClung v. Shearin, 90 F. App'x 444, 445 (4th

Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Based on the foregoing, the court DENIES defendant's motion regarding good time credits (DE 115).

SO ORDERED, this the 20th day of August, 2019.

                                      LOUISE W. FLANAGAN
                                      United States District Judge